**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BERYL HARTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00084-MMD-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CPS SECURITY (USA), INC., et al., | ) | (Mot to Compel - Dkt. #100) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Plaintiffs' Motion to Compel Defendants to Disclose Withheld Documents (Dkt. #100). The court has considered the Motion, Defendants' Response (Dkt. #107), and Plaintiffs' Reply (Dkt. #113).

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed January 18, 2012, and involves an action under the Fair Labor Standards Act ("FLSA"). The named Plaintiff, Beryl Harter, was employed as a "trailer guard" by Defendants CPS and worked at construction sites to provide security services. He alleges that he and other similarly situated trailer guards were required to reside in a small one-room trailer without running water. Trailer guards were paid minimum hourly wage for "patrol time" at the site, and expected to remain at the trailer for eight hours every night, seven days a week, on call. Plaintiffs allege that trailer guards were not compensated for their on call work unless they were required to respond to security alarms at the construction site. Because of the number of limitations the Defendants imposed on activities of trailer guards during on call time, Plaintiffs assert the time is compensable for FLSA minimum wage purposes. Plaintiffs also claim that the Defendants improperly deducted thirty dollars a week from each trailer guard's paycheck for a maintenance fee for the trailer provided to each trailer guard. This deduction is alleged to violate the minimum wage requirement of the FLSA as the trailer

1    guards were only paid minimum wage, and the thirty dollar per week deduction compensated trailer

2    guards below minimum wage.

3         In the current motion, Plaintiffs seek an order compelling the Defendants to supplement their

4    request for production of documents for three categories of documents.  First, documents involving

5    legal claims and agency communications responsive to Plaintiffs' First Request for Production of

6    Documents Nos. 3, 4, 22 and 23.  Second, documents pertaining to manager profit sharing and bonus

7    plans responsive to Plaintiffs' First Request for Production of Document No. 13.  Third, documents

8    involving EP Security responsive to Plaintiffs' Sixth Request for Production of Documents Nos. 1 - 3.

9         Defendants oppose the motion arguing these requests are unduly burdensome and seek tens of

10   thousands of pages of documents, many of which are public records that would take the client dozens of

11   hours to collect, review and copy.  At issue in this case is whether CPS's sleep time compensation

12   policy in Nevada is lawful under the FLSA.  This case involves seven trailer guards.  An earlier filed

13   lawsuit by the same counsel brought on behalf of six trailer guards raised the same claims and extensive

14   discovery has already taken place in both actions.  These discovery requests demand additional

15   documentation about prior litigation and prior administrative complaints from other states without any

16   limitation of any kind.  The trial court in the related *Tallman v. CPS*, Case No. 2:09-cv-00944-PMP-

17   PAL case has already ruled this evidence inadmissible at trial.  Thus, Plaintiffs' requests that

18   Defendants search for the same type of evidence is designed to vex, harass and annoy rather than to

19   assist in the discovery of admissible evidence in this case.

20        Defendants also argue they have supplemented their previous discovery responses after timely

21   responding to the initial requests with substantive responses and objections on June 8, 2012.

22   Defendants supplemented their responses May 9, 2013, and again on May 10, 2013, producing more

23   than 500 documents in addition to what Plaintiffs have previously received in *Tallman*.  The motion to

24   compel does not comply with the Plaintiffs' meet-and-confer obligations under FRCP 37(a)(1) and LR

25   26-7(b) as it does not contain Plaintiffs' certification of efforts to avoid this dispute without court

26   action.  Additionally, Defendants argue the motion should be viewed with the "backdrop of the *Tallman*

27   case."  Finally, Defendants believe that all relevant DOL-related documentation has already been

28   produced in this case.  For these reasons, the court should deny the motion to compel in its entirety.

1   Plaintiff replies that the Defendants' response inaccurately discusses discovery conducted in this

2   case and irrelevantly discusses proceedings in the *Tallman v. CPS* litigation.  Plaintiffs' motion seeks to

3   compel production of three categories of documents.  Plaintiffs acknowledge that Defendants have

4   provided what appears to be a full response with respect to the EP Security documents.  However,

5   Plaintiffs argue Defendants have not provided a full response to the request for documents on the bonus

6   and profit sharing plans that Defendants' employees who had the authority to grant leave to the

7   Plaintiffs during "on call" time periods, or documents relating to prior law suits and administrative

8   proceedings involving alleged minimum wage violations regarding Defendants trailer guards.  Plaintiffs

9   dispute that they have failed to comply with the requirements of Local Rule 26-4 and assert that

10   Defendants have admitted that the parties engaged in numerous, extensive and thorough consultations

11   and conferral efforts to avoid presentation of this motion.

12   Additionally, Plaintiffs point out that the court's April 23, 2013 Order (Dkt. #97) directed the

13   plaintiff to file a motion to compel the documents at issue in this motion no later than May 9, 2013 if

14   the parties' discovery dispute was unresolved.  Plaintiffs argue that Defendants have not met their

15   burden of establishing that the documents sought in the motion to compel are burdensome.  The request

16   for information concerning bonus and profit sharing materials is highly relevant because Defendants

17   claim Plaintiffs were free to leave their trailer locations during "on call" time by asking for permission

18   from their supervisors and that permission was freely granted.  If the Defendants supervisors had a

19   financial incentive to deny "on call" leave to trailer guards this information is clearly discoverable, and

20   would establish financial bias of the supervisors to the trier of fact.  Additionally, litigation and

21   administrative agency documents are clearly relevant and the fact that the trial judge in the *Tallman*

22   case has excluded certain matters from evidence is neither binding on the district judge in this case, nor

23   grounds for refusing to disclose the materials in discovery.

24   Plaintiffs also dispute that their discovery efforts in this case have been onerous or abusive.

25   Plaintiffs have propounded three sets of interrogatories, but only seventeen total interrogatories of

26   which seven were propounded to defendant Barnes, seven to defendant Coffey and three to all of the

27   Defendants.

28   / / /

3

**DISCUSSION**

Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery.  It provides in pertinent part:  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Local Rule 26-7(b) also provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes.  First, the parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  Second, the meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought". *Id.*  For the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.*  To accomplish this requirement,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions.  Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be "a sincere effort" to resolve the matter.

*Id.* Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims.  *Id.*

The court should not consider a motion to compel unless the moving party provides a certification of counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc.*

4

1  *v Progressive Games, Inc*. 170 F.R.D. 166, 170 (D. Nev. 1996).  Additionally, the moving party must

2  actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery

3  dispute without court intervention.  *Id*.  To accomplish the underlying policy of Local Rule 26-7(b) and

4  Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have

5  been "unable to resolve the matter" and "must adequately set forth in the motion essential facts

6  sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good

7  faith conferment between the parties." *Id*. at 171.  A good faith attempt to resolve the discovery dispute

8  without court intervention involves more than "the perfunctory parroting of statutory language on the

9  certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery

10  dispute through non-judicial means." *Id*.

11  The motion to compel does not comply with Plaintiffs' meet-and-confer obligations.  It does not

12  contain a certification, or come close to meeting the standards articulated in *Nevada Power v. Monsanto*

13  or *Shufflemaster, Inc. v. Progressive Games, Inc.*  Rather, Plaintiffs state in conclusory fashion that "the

14  parties have repeatedly conferred about the relevant issues" and they remain unresolved.

15  Plaintiffs also rely on a May 1, 2013, stipulation which the court approved allowing the parties

16  to attempt to resolve limited discovery disputes cooperatively after the May 1, 2013, discovery cutoff,

17  or if they were unable to do so, to file an appropriate motion with the court after the close of discovery.

18  The parties' stipulation, and this court's order, did not dispense with or excuse compliance with the

19  Plaintiffs' meet-and-confer and certification obligations.  Rather, it merely allowed the parties an

20  opportunity to attempt to resolve any outstanding discovery disputes after the close of discovery, and if

21  they were unable to do so, despite a mutual good-faith effort to avoid the court's intervention, to file a

22  motion after the close of discovery.  The motion does not contain a certification of counsel which

23  accurately and specifically conveys to the court the specifics of who, when, how, and when the

24  respective parties attempted to mutually resolve the discovery disputes addressed in this motion without

25  court intervention.  It does not establish that the parties engaged in the requisite meaningful discussion

26  of the merits of their respective positions. The motion merely states that the parties have had numerous

27  meet-and-confer sessions and have been unable to resolve the matter.  The moving papers provide no

28  information that the specific disputes discussed in this motion were ever addressed, let alone with the

specificity required by applicable law in this district.  Where, as here, the parties have had numerous discovery disputes during the course of this case which the court has addressed in formal motion practice and dispute resolution hearings, Plaintiffs' failure to comply with the certification requirement is dispositive.

Having reviewed and considered the matter,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (Dkt. #100) is **DENIED**.

Dated this 5th day of August, 2013.

Peggy A. Leen
United States Magistrate Judge