UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERYL HARTER, et al., | Case No. 2:12-cv-00084-MMD-PAL |
| Plaintiffs, | ORDER |
| v. | |
| CPS SECURITY (USA) INC., et al., | |
| Defendants. | |

United States Magistrate Judge Peggy A. Leen issued an Order denying Plaintiffs' Motion to Compel Defendants to Disclose Certain Attorney-Client Communications ("the Order"). (Dkt. no. 108.) The Magistrate Judge found that Defendants did not waive their pre-litigation privileged communications with their attorneys by raising certain defenses premised on their good faith compliance with the Fair Labor Standards Act ("FLSA"). Plaintiffs have objected to the Magistrate Judge's Order. The Court has reviewed Plaintiffs' Objections (dkt. no. 114) and Defendants' Response (dkt. no. 123) and affirms the Magistrate Judge's Order.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding is clearly erroneous when although

there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Magistrate Judge found that Defendants did not waive pre-litigation privileged communications with their attorneys by raising affirmative defenses under FLSA sections 259 (safe harbor provision) and 260 (good faith defense which affects liquidated damages) and claiming entitlement to the two-year statute of limitations because their conduct was not willful under the FLSA. Defendants contend the evidence they intend to offer in support of these defenses and in response to Plaintiffs' willful violation claim are (1) communications and advice from Ted Huebner, a licensed attorney, in his capacity as a management consultant on compliance with federal and state wage and hour laws, and (2) communications with U.S. Department of Labor ("DOL") investigators. Defendants represent they have not relied on confidential advice received from their pre-litigation counsel to support these defenses. In reaching her decision, the Magistrate Judge considered Mr. Huebner's role and the evidence Defendants intend to offer to support their defenses. In particular, the Magistrate Judge considered Defendants' witness Mr. Coffey's testimony that Mr. Huebner was hired as a management consultant to ensure Defendants comply with the applicable laws and to develop the trailer guard compensation policy at issue. She considered as persuasive the fact that Mr. Huebner did not give legal advice and did not act in his capacity as an attorney. She also considered the fact that Defendants have not sought to withhold any communications with Mr. Huebner, including communications between Mr. Huebner and the DOL regulators and Mr. Huebner and Defendants. The Magistrate Judge determined that the evidence offered by Defendants to support their defenses is restricted to communications with Mr. Huebner and with DOL staff. She found that on the records

before the court, Mr. Huebner did not act as Defendants' attorney. In sum, the Magistrate Judge found that the disclosures made in support of Defendants' defenses are based on non-privileged communications and advice from someone who was not acting in his capacity as Defendants' attorney, and Defendants have therefore not put "at issue" any privileged communications about the trailer guard compensation policy. The Magistrate Judge concluded that because Defendants have not placed any privileged communications at issue, no at issue waiver has occurred.

Plaintiffs raised a number of arguments to support their contention that the Magistrate Judge committed clear error. They contend the Defendants have raised claims of compliance that placed "at issue" communications with their pre-litigation attorneys and allowing Defendants to assert a privilege over those communications would be "unfair" to Plaintiffs. They argue that the Magistrate Judge erroneously conflated the Ninth Circuit's "at-issue" standard for waiver into a "reliance" upon the communication standard. They challenge the Order's application of a Ninth Circuit case and failure to apply a district court case from another circuit.

The Court does not find that the Magistrate Judge's decision is clearly erroneous or contrary to law. The Magistrate Judge properly applied the three-prong test articulated in *United States v. Alani*, 169 F.3d 1189, 1195 (9thCir. 1999) for determining whether a waiver of the attorney-client privilege has occurred. The Magistrate Judge found that the defenses asserted are based on non-privileged, non-confidential communications and advice from an individual retained as a management consultant, not as an attorney. She further found that Mr. Huebner's role in advising Defendants was one of a management consultant, and that Defendants have not sought legal advice from Mr. Huebner nor do they claim any communications with Mr. Huebner is privileged. Plaintiffs argue that the raising of the good faith claim creates a "fairness" waiver of all privileged communications, but this argument ignores Mr. Huebner's actual role and the evidence that Defendants offer to support their defenses. Again, Defendants offer all communications with Mr. Huebner and with DOL staff, not privileged communications or

advice from their pre-litigation counsel, to support their defenses. Plaintiffs' other objections are also based on their characterization of Mr. Huebner's profession, not his actual role as a consultant giving Defendants non-privileged advice on compliance issues and creating the trailer guard compensation policy at issue.[1] Defendants' reliance on and offer of the non-privileged, non-confidential advice of a management consultant who also happens to be a licensed attorney to support their defenses does not give rise to implied waiver of all privileged communications with their attorneys over the same subject matter.

Plaintiffs criticize the Order for omitting to address *Wang v. Hearst Corp.*, No. 12CV793 (HB), 2012 U.S. Dist. LEXIS 179609 (S.D.N.Y. Dec. 19, 2012), which they claim is directly on point. *Wang* is not controlling authority and is distinguishable. In that case, Hearst had raised a FLSA section 260 defense just as Defendants have done here. The plaintiffs sought to compel disclosure of Hearst's in-house counsel's email. Hearst opposed and contended it would not rely on legal advice to support its good faith defense. The court noted that Hearst's human resource personnel's deposition testimonies showed that human resources was not familiar with the reason for the policy at issue and that Hearst's legal department may be able to explain the basis for the policy. *Id.* at *7-8. Based on such a record, the court determined that Hearst's good faith defense "undoubtedly raises the possibility of waiver" and ordered submission of the emails at issue for the court's in camera review. *Id.* at *7. In contrast, the Magistrate

---

[1] For this reason, Plaintiffs' cited cases are not applicable and do not provide for the broad waiver of attorney-client privilege theory that Plaintiffs advance here. For example, in *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999), Excel raised similar affirmative defenses under FLSA sections 259 and 260, but its representatives could not explain the basis of these defenses when they were deposed without claiming their reliance on counsel's advice or without first conferring with counsel during breaks. The Fifth Circuit found that Excel waived the attorney client privilege because it failed to object and because it selectively waived disclosure by permitting its representatives to testify about privileged communications with counsel. *Id.* at 207–08. That court was careful to clarify that its decision was not based on the fact that the defendant's employees may have had difficulty explaining the bases for defendant's good faith defenses. *Id.* at 208. It implicitly rejected the plaintiffs' argument that Excel placed at issue the advice of its counsel by invoking affirmative defense under section 260.

Judge found that the evidence in support of Defendants' defenses do not involve privileged attorney-client communications. Defendants' representative testified that Mr. Huebner was retained to provide compliance advice and to create the trailer guard compensation policy at issue. The Magistrate Judge found that no privileged communications are placed at issue because Mr. Huebner was not acting in the capacity of an attorney.

Plaintiffs also argue that the Magistrate Judge erroneously relied upon *Kaiser Foundation Health Plan, Inc. v. Abbott Laboratories, Inc.*, 552 F.3d 1033 (9th Cir. 2008) in finding against waiver. The Magistrate Judge concluded that Plaintiffs would not be deprived of information vital to their case if Defendants are allowed to assert privilege over communications with their attorneys because Defendants do not base their defenses on any advice of these attorneys; instead, they offer communications with Mr. Huebner and with DOL investigators to support their defenses. *Kaiser* supports the broad conclusion that a party cannot seek access to otherwise privileged attorney-client communications when the opposing party does not rely on such communications as a defense. While Plaintiffs correctly note that *Kaiser* does not involve the same FLSA affirmative defenses, the Magistrate Judge did not commit clear error in relying on *Kaiser*.

Plaintiffs contend that the Magistrate Judge's ruling means that a party will never be deemed to have waived privileged communications that it places at issue. However, Plaintiffs' broad interpretation of the Order ignores the Magistrate Judge's specific findings that, based on the records before the Court, Mr. Huebner did not act in the capacity of an attorney, communications with him are not claimed to be privileged, and they are offered in support of Defendants' defenses. The Magistrate Judge found that Defendants have not placed all privileged communications about the trailer guard compensation policy at issue by offering non-privileged communications from Mr. Huebner. Plaintiffs have not demonstrated that the Magistrate Judge's decision is clearly erroneous or contrary to law.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Court's review.

It is ordered that Plaintiffs' Objections to Magistrate Judge Peggy A. Leen's Order Entered June 18, 2013 (Docket #108) Denying Plaintiff's Motion to Compel Discovery of Certain Attorney-Client Communications (dkt. no. 114) is overruled. The Court affirms the Magistrate Judge's Order.

ENTERED THIS 30th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE